**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:16-CV-00136-HBB**


**DANNY E. LYONS**                                                                  **PLAINTIFF**


**VS.**


**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                        **DEFENDANT**


**MEMORANDUM, OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Danny E. Lyons seeking judicial

review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the

Plaintiff (DN 15) and Defendant (DN 18) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the

undersigned United States Magistrate Judge conducting all further proceedings in this case,

including issuance of a memorandum opinion and entry of judgment, with direct review by the

Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered

November 4, 2016 (DN 14), the parties were notified that oral arguments would not be held

unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance and Supplemental Security Income

benefits on May 20, 2014 (Tr. 177, 290-306). Plaintiff alleged that she became disabled on

December 15, 2013 (as amended Tr. 314) as a result of:

1.     Heart disease (open heart surgery)
2.     Hypertension
3.     High cholesterol
4.     Sleep apnea
5.     Hearing loss- tinnitus & tube in ears
6.     Depression sleep apnea

(Tr. 318). Administrative Law Judge Richard E. Guida conducted a video hearing on July 21, 2015. The ALJ was in Baltimore, Maryland, and Plaintiff was present in Bowling Green, Kentucky and represented by Mary Burchett-Bower. Also present and testifying was Abbe May, a vocational expert.

In a decision dated November 5, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 174-193). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 15, 2013, the amended alleged onset date (Tr. 179). At the second step, the ALJ determined that Plaintiff's coronary artery disease, degenerative disc disease, and obesity are "severe" impairments within the meaning of the regulations (Tr. 179). Notably, at the second step, the ALJ also determined that Plaintiff's hearing loss, sleep apnea, and depressive disorder are "non-severe" impairments within the meaning of the regulations (Tr. 180). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 182).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform the full range of medium work (Tr. 182). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is able to perform past relevant work as a truck driver (Tr. 184).

Although the ALJ found Plaintiff could perform past relevant work, the ALJ nonetheless proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 185).

The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 185). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 15, 2013 through the date of the decision (Tr. 186).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 85-86). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-8).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-8).  At that point, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).  Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.  In summary, the evaluation proceeds as follows:

1)      Is the claimant engaged in substantial gainful activity?

2)      Does the claimant have a medically determinable impairment or combination of impairments that satisfies the

duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step. For the reasons set forth below, the ALJ's decision was supported by substantial evidence and comported with applicable law.

## A. DEPRESSION AND SLEEP APNEA

### 1. ARGUMENTS OF THE PARTIES

Plaintiff first argues the ALJ erred in finding his depression and sleep apnea to be non-severe impairments (DN 15 at p.2). With regard to Plaintiff's depression, Plaintiff claims the ALJ erred in affording great weight to Doctors Myers and Stadola, the state agency psychological consultants (DN 15 at pp. 2-3). Plaintiff maintains these doctors did not review certain records from LifeSkills Counseling Center and Alliance Counseling Associates that reflect mental impairment which impacts functioning (DN 15 at p. 3). Plaintiff contends this matter must be remanded so the ALJ can consider the impact of Plaintiff's mental limitations on his residual functional capacity.

In response, Defendant argues that the ALJ spent three pages discussing why Plaintiff's depression is not severe (DN 18 at p. 5). Defendant argues the ALJ's reliance on the state agency psychological consultants was reasonable (DN 18 at p. 6). The ALJ concluded the state agency consultants' opinions were consistent with the objective record concerning mental disorders (Id.).

Defendant points out that the record contains many instances assessing Plaintiff with normal mood, affect, attention, and judgment (Id.). Finally, Defendant notes that the ALJ went further in his analysis and included an assessment of Plaintiff's daily activities, social functioning and concentration, persistence or pace, and episodes of decompensation (DN 18 at p. 7). Defendant notes that Plaintiff maintains a relatively active lifestyle, does exhibit some mild limitations in social functioning, exhibits mild limitations in concentration, persistence or pace, but has not exhibited any episodes of decompensation (DN 18 p. 8).

As for sleep apnea, Plaintiff claims the state agency medical consultant found Plaintiff's breathing disorders to be a severe impairment, and the ALJ failed to address this opinion ( DN 15 at p. 2). In response, Defendant points out that while the ALJ did not discuss this at the second step, he addressed the opinion when making residual functional capacity findings (DN 18 at p. 4). Defendant argues the ALJ pointed out that the Plaintiff smokes over a pack of cigarettes a day, which is not consistent with a need for environmental restrictions (Id.). Additionally, Defendant argues the ALJ discussed how records reflect that Plaintiff's sleep apnea symptoms greatly improved when he used a CPAP machine (Id.).

## 2. ANALYSIS

At the second step in the sequential evaluation process a claimant must demonstrate he has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (*per curiam*). To satisfy this burden, the claimant must show he suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" his/her ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs,

880 F.2d at 863. Alternatively, the claimant must show he suffers from a combination of impairments that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii) and (c). To be considered not severe, the impairment must be "a slight abnormality that minimally effects work ability, regardless of age, education and work experience." Higgs, 880 F.2d at 862.

The undersigned will first address Plaintiff's depression. The ALJ discussed Plaintiff's depression (Tr. 180-82). The ALJ began by noting that depression is a medically determinable impairment (Tr. 180), but the Plaintiff's depression only causes minimal limitations on mental work functioning (Id.). The ALJ noted that Plaintiff was prescribed the antidepressant Celexa in May of 2014, but by August of 2014, Plaintiff was no longer taking any drugs for depression (Tr. 180). An examination from the state agency psychologist, Dr. Dennis, revealed only mild signs of depression along with appropriate hygiene, normal apprehension, adequate memory, and no evidence of a psychotic process (Tr. 180 (citing Tr. 559-62). The ALJ also noted that Plaintiff's primary care visits contain many references to "normal mood, affect, judgment, concentration, and attention (Tr. 483, 488, 493, 569, 675, 681, 697, 702, 710, 728).

Moreover, the ALJ gave great weight to the opinions of non-treating state agency psychologists. As mentioned above, Plaintiff disputes the weight afforded these opinions because the state agency psychologists did not have an opportunity to review certain records from Lifeskills Counseling (DN 15 at pp. 2-3). However, these records were submitted to the Social Security Administration after the state agency psychologists conducted their examinations. Importantly, Plaintiff does not argue that the ALJ failed to consider the impact of these records, only that the non-treating state agency psychologists did not consider them. However, in the Sixth Circuit, an ALJ is not in error for affording weight to a state agency

psychologist who did not have access to subsequent records, so long as the ALJ considered the subsequent records. Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009). Therefore, given the ALJ's thorough discussion of the record and the good reasons provided for his finding that Plaintiff's depression is not severe, the undersigned concludes that the ALJ's decision is supported by substantial evidence and comports with applicable law.

The same analytical framework governs Plaintiff's claim that the ALJ erred in finding his sleep apnea to be non-severe. Here, the ALJ again offered a full discussion, replete with examples, for why he didn't find sleep apnea to constitute a severe impairment. For example, the ALJ noted that when Plaintiff was compliant with prescribed use of a CPAP machine, he slept better, had more daily energy, improved sleep maintenance, and decreased sleep latency (Tr. 180 (citing 811, 819, 823). The ALJ even noted a time when Plaintiff claimed he had not been compliant with is CPAC use, but his sleep was nonetheless unaffected (Tr. 180 (citing Tr. 698).

Additionally, the ALJ's point regarding Plaintiff's smoking is well-taken (Tr. 180, 184). The Sixth Circuit has upheld an ALJ's refusal to impose a strict environmental limitation on the basis that such a limitation is incompatible with heavy smoking. Mullins v. Sec'y of Health & Human Servs., 836 F.2d 980, 985 (6th Cir. 1987). The undersigned agrees, and particularly when taken in combination with the success Plaintiff experienced using a CPAP, the undersigned concludes that the ALJ's decision not to impose environmental limitations is supported by substantial evidence and comports with applicable law.

## B. PLAINTIFF'S REMAINING ARGUMENTS

While Plaintiff offers objections to the ALJ's findings at the remaining steps of the sequential evaluation process, each of these objections is premised on the fact that the ALJ erred either in his failure to include environmental limitations in his residual functional capacity or in

his finding that Plaintiff's depression was not severe. For the Reasons stated above, the undersigned has determined that these findings were supported by substantial evidence and comported with applicable law. Therefore, Plaintiff's subsequent arguments are without merit, and addressing them individually would be redundant.

CONCLUSION

For the reasons stated above, the ALJ's decision is supported by substantial evidence and comports with applicable law. Plaintiff's claims are therefore denied.


ORDER

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and judgment is granted for the Commissioner.




Copies:        Counsel